# RAND ROSENZWEIG RADLEY & GORDON LLP

ATTORNEYS AT LAW

50 MAIN STREET

WHITE PLAINS, N.Y. 10606

TELEPHONE: (914) 406-7000

FACSIMILE: (914) 406-7010

BERNARD S. GORDON
E. COOKE RAND
CHARLES L. ROSENZWEIG
CATHERINE S. CAMPBELL
MICHELE L. KUGLER

PHILIPPE D. RADLEY
HOWARD M. LANDA
STEPHEN ZECME
COUNSEL

WRITER'S EXTENSION: 20
WRITER'S E-MAIL ADDRESS:
CROSENZWEIG@RANDROSE.COM

NEW YORK CITY OFFICE
800 THIRD AVENUE
NEW YORK, NY 10022
TELEPHONE: (212) 687-7070
FACSIMILE: (212) 557-1475

PARIS OFFICE:
45 AVENUE MONTAIGNE
PARIS, FRANCE 75008
TELEPHONE: (1) 47.23.64.82

CHARLES G.G. CAMPBELL
RESIDENT COUNSEL

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 12/5/07

November 21, 2007

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

Re: *Richard Brody v. Lorna Brody, Robert Brody, Evelyn Brody and 466 Broome Street of New York City, Inc.*;
Index No. 07 CIV 7981 (RJS)

Dear Judge Sullivan:

We represent defendants Lorna Brody ("Lorna"), Evelyn Brody ("Evelyn") and 466 Broome Street of New York City, Inc. (the "Company") (collectively the "Defendants") in the above-referenced case. Defendant Robert Brody ("Robert") is represented by different counsel and is not referred to herein when Defendants are referenced. We submit this letter to you to request a pre-motion conference before your Honor in anticipation of filing a motion to dismiss and/or for summary judgment on behalf of the Defendants. The time for the Defendants to respond to the complaint in this case (the "Complaint") is currently set for December 12, 2007. We respectfully request an extension of the response date, if the pre-motion conference is not held sufficiently in advance of such date.

The Company is a closely held family corporation, which owned an industrial building located at 466 Broome Street, New York, N.Y. (the "Property") until its sale in spring 2007. Plaintiff, Richard Brody ("Richard") is the brother of defendants Lorna and Robert, and the son of defendant Evelyn. Until 1995, Richard, Lorna and Robert each owned shares in the Company. Leo Brody, the father of Richard, Lorna and Robert, died in 1988, leaving his widow, Evelyn, as the life beneficiary of the Trust created under the Will of Leo Brody (the "Trust"), which also holds shares in the Company. From 1978 until 1995, when Richard sold his shares in the Company, the primary tenant in the Property was UFO Contemporary, Inc. ("UFO"), an apparel company owned by the Brody family, in which Richard holds an interest through the Trust. Robert and his family occupied half of one floor as a residence.

Plaintiff Richard claims that Evelyn repeatedly demanded contributions from him on short notice allegedly because the Company was in financial difficulty and near bankruptcy. (Complaint at ¶¶20-25) Richard further alleges that he paid sums of approximately $44,000 to the Company to cover the alleged capital calls communicated by Evelyn. (*Id.* at ¶¶20-23) According to Richard, the Company's poor financial situation was a result of renting the premises to UFO and Robert at below

RAND ROSENZWEIG RADLEY & GORDON LLP
Honorable Richard J. Sullivan
November 21, 2007
Page 2

market rents. Although Richard had no obligation as a shareholder to invest more capital, according to the Complaint, this purported demand led Richard to his decision, as reflected in his September 12, 1995 letter, to divest himself of his shares by offering them to the Company for $1.00, which he did by a letter dated September 12, 1995. (*Id.* at ¶¶25-28)

In spring 2007, the Company sold the Property for $19.5 million. Richard, learning of this sale, decided to press his aged mother for a share of the proceeds. Although Evelyn was prepared to share the bounty with her son Richard, in fact, she owned no shares outright, as her entire interest in the Company was through the Trust of which she is the life beneficiary. Months after Richard learned that his mother had no access to the proceeds, Richard commenced this action.

Richard alleges claims sounding in fraudulent inducement, fraud, breach of fiduciary duty, corporate waste and unjust enrichment arising from his sale of Company shares based on purported misrepresentations by the Defendants and Robert as to the financial status of the Company and Defendants' failure to obtain "market rate" leases from its tenants. Defendants intend to move to dismiss the complaint as against them on the basis that the applicable statute of limitations has run and plaintiff has failed to state a claim upon which relief may be granted.

The statute of limitations on all of plaintiff's claims is six years from the accrual date which occurred in September 1995 when plaintiff sold his shares in the Company. N.Y. Civ. Proc. §§ 213 (1), (7), (8) (2007). No tolling of the time occurred for his claims since plaintiff had the ability to discover the facts at the time of the wrong. *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974); *Cameron Estates v. Deering*, 308 N.Y. 24 (1954) (in New York, right to relief accrues when the plaintiff first becomes entitled to maintain the particular action in question). The New York courts impose a reasonable person standard on the date for discovery of a claim, defined as the time when a person of ordinary intelligence could discover the facts relating to the alleged wrong. *See In re Fischer*, 308 B.R. 631, 654 (E.D.N.Y. 2004). In this case, plaintiff was and still is able to discover the market rents available for properties similar to 466 Broome Street in 1995 (the date which he sold his shares) by contacting any competent New York City real estate broker or appraiser. In fact, plaintiff makes no allegation that he has ever attempted such discovery and was unsuccessful, nor does he allege that the Defendants or Robert deterred him from such discovery by their statements. Thus, the statute of limitations for each cause of action runs from no later than the date of the alleged wrong, *i.e.*, plaintiff's sale of his shares in the Company, which date grossly exceeds six years.

Alternatively, with regard to each cause of action, plaintiff fails to allege facts giving rise to a claim against the Defendants. The fraud, fraud in the inducement and breach of fiduciary duty claims all require proof that Defendants made a false statement of a material fact. *Id.* at 651-653; *Kaufman v. Cohen*, 307 A.D.2d 113, 119, 760 N.Y.S.2d 157 (1st Dept. 2003). However, plaintiff does not claim that the Defendants made a false statement to him. While the Complaint alleges that Evelyn stated the Company was near bankruptcy and insolvency when requesting funds from plaintiff, nowhere does the Complaint allege that these statements were false. Regardless of whether the Company could or should have charged higher rental fees, plaintiff does not allege with specificity or otherwise that Evelyn falsely portrayed the Company's financial status to plaintiff. Furthermore, plaintiff was never under an

RAND ROSENZWEIG RADLEY & GORDON LLP

Honorable Richard J. Sullivan
November 21, 2007
Page 3

obligation to contribute to the Company when contacted by Evelyn. N.Y. B.C.L. §628 (2007). Instead under New York law, plaintiff could have retained his shares which would simply have been (a) subordinated to the Company's obligation to repay loans to other shareholders, or (b) diluted by capital contributions made by other shareholders. Thus, there is insufficient connection between the alleged statements and plaintiff's actions in tendering his shares.

Furthermore, Richard does not meet the burden of stating scienter on the fraud claims. *Kaufman, supra,* 307 A.D.2d at 119. The Complaint itself undermines this element when it states that Evelyn had sought to gift $1 million to plaintiff from the Company's assets until she learned that she did not have access to cash as her share of the proceeds were in trust. However, Richard fails to tell the Court that at all times during 1993 to date, Evelyn has gifted thousands of dollars to Richard, sending him substantial sums for his living and other expenses. Thus, plaintiff cannot make out a claim that Evelyn and the other Defendants falsely represented the financial status of the Company to plaintiff or made any statements to him with intent to cause him injury.

Plaintiff does not have standing to sue the Defendants for corporate waste. Such a cause of action may only be brought derivatively by a shareholder of the Company at the time of suit. N.Y. B.C.L. §626 (2007). Plaintiff has not brought a derivative action, nor is he currently a holder of the Company's shares. Finally, plaintiff does not state a claim for unjust enrichment, as he does not allege facts that show an unjust enrichment to the Defendants. As the Complaint states, plaintiff decided without duress from others to sell his shares in the Company in 1995. (*See* Complaint at ¶¶25-28) Moreover, since the increase in the Company's and the Property's value from 1995 to 2007 was a result of market conditions, not at plaintiff's expense, he cannot state a claim for unjust enrichment. *See Gidatex, S.r.L. v. Campaniello Imports, Ltd.,* 49 F.Supp.2d 298, 301 (S.D.N.Y.1999).

Finally, the Defendants will argue for summary judgment on all of plaintiff's causes of action. The documentary evidence from the Company's financial statements and records shows that at no time did Richard ever contribute funds to the Company, let alone the $44,000 he alleges he paid between 1993-1995. The records of the Company will establish that the only shareholder contributions to the Company in these years were loans from Evelyn, Lorna and UFO. Tellingly, the Complaint does not attach any evidence of the alleged payments by Richard, and the Defendants anticipate that he will be unable to prove payment. *See* Fed. R. Civ. P. Rule 56, 56(e) (2007); *Champion v. Artuz,* 76 F.3d 483, 485 (2d Cir. 1996) (outlining plaintiff's burden under Rule 56(e) on a capital call).

We respectfully request a pre-motion conference at the court's earliest convenience on Defendants' anticipated motion to dismiss the Complaint in its entirety.

Respectfully yours,

Charles L. Rosenzweig (CR7622)

cc: Joseph J. Sullivan, Esq. (via fax)
    Harlan M. Lazarus, Esq. (via fax)

*[Handwritten order:]* All counsel who will try this case shall appear for a pre-motion conference on December 12 at 4:30 pm. The time for defendants to respond to the complaint is hereby stayed pending resolution of defendants' proposed motion to dismiss the complaint. Plaintiffs are directed to respond to defendants' pre-motion letter by December 7, 2007.

SO ORDERED
Dated: 12/4/07
RICHARD J. SULLIVAN
U.S.D.J.