UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD BRODY,

                              PLAINTIFF,        Index No.: <u>07 CIV 7981 (RJS)</u>

             *vs*

LORNA BRODY, ROBERT BRODY, EVELYN
BRODY, 466 BROOME STREET OF NEW YORK
CITY, INC.,

                              DEFENDANTS.

-------------------------------------------------------------------X


# <u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ROBERT BRODY'S MOTION TO DISMISS THE COMPLAINT</u>


LAZARUS & LAZARUS, P.C.

*Attorneys for Defendant*

ROBERT BRODY

240 Madison Avenue

New York, New York 10016

212.889.7400

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT                                          1

II.  RICHARD'S STATUTE OF LIMITATIONS ARGUMENTS
     DO NOT SAVE THE COMPLAINT FROM DISMISSAL                      2

III. RICHARD'S FRAUD CLAIMS AGAINST ROBERT SHOULD
     BE DISMISSED                                                   4

IV.  RICHARD'S UNJUST ENRICHMENT CLAIMS AGAINST
     ROBERT SHOULD BE DISMISSED                                     5

V.   RICHARD'S CORPORATE WASTE CLAIM                                5

VI   CONCLUSION                                                     5

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Higgins v. Course*
    147 N.Y. 411(1895)                                        3, 4

*Payday Advance Plaus, Inc. v. Findwhat.com, Inc.*
    478 F. Supp. 2d 496, 504, (D.N.Y. 2007)                    5



**RULES AND STATUTES**

Fed. R. Civ. P. 9(b)                                                         4, 5

Fed. R. Civ. P. 12 (b)(6)                                                    5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RICHARD BRODY,

                        PLAINTIFF,              Index No.: <u>07 CIV 7981 (RJS)</u>


                *vs*


LORNA BRODY, ROBERT BRODY, EVELYN
BRODY, 466 BROOME STREET OF NEW YORK
CITY, INC.,
                        DEFENDANTS.


------------------------------------------------------------X


## <u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ROBERT BRODY'S MOTION TO DISMISS THE COMPLAINT</u>


### I. <u>PRELIMINARY STATEMENT</u>

Defendant Robert Brody ("Robert") respectfully submits this Reply Memorandum of Law (the "Reply") in reply to Plaintiff Richard Brody's ("Richard") opposition (the "Opposition") to Robert's Motion to Dismiss ("Robert's Motion") Richard's September 11, 2007 Complaint ("the Complaint") against Robert, Robert and Richard's mother Evelyn Brody ("Evelyn"), Robert and Richard's sister Lorna Brody ("Lorna") and a family held close corporation 466 Broome Street of New York City, Inc. (the "Corporation").

For the reasons set forth in this Reply and Robert's Motion, Robert's Motion should be granted.


### II. <u>RICHARD'S STATUTE OF LIMITATIONS ARGUMENTS DO NOT SAVE THE COMPLAINT FROM DISMISSAL</u>

Richard argues, "...Defendants argue that the fraud itself should have put Richard on notice that he was being defrauded". [Memorandum of Law in Opposition

to Motion to Dismiss ("Opp. Memo.") at page 6].

Robert makes no such argument.

The Statute of Limitations bars Richard's Complaint because Richard, at the relevant times, had a duty of inquiry, which such duty, Richard omitted.

Because Richard omitted the inquiry, and not because of the "fraud itself", Richard's Complaint is barred by the Statute of Frauds.

According to the Complaint:

(1)    At the relevant times, Richard had suffered through a "difficult relationship with his family for years"; that Richard, at the relevant time, was "largely estranged from his family", and that these circumstances caused Richard's resignation from UFO, another family business.

(2)    On four separate occasions over approximately two years, after resigning from UFO, and prior to Richard's sale of Richard's shares to the Corporation, Richard advanced moneys to the Corporation, solely on Evelyn's oral demands and alleged false advice, that the Corporation was on the brink of insolvency, at risk of foreclosure, or in need of moneys to pay taxes.

(3)    Richard sold his shares "after liquidating most of his savings".

(4)    After Richard's share sale, Evelyn continued to inform Richard of the Corporations "dire" financial condition and neither Evelyn, Robert or Lorna paid their share of the Corporation's taxes.

With respect to item (1) above, Richard's Opposition cannot credibly argue that familial trust negated his duty of inquiry; indeed , the pleaded discordant familial relationship negates Richard's suggestion of familial trust as a basis for omission of inquiry, and reinforces the determinative significance of Richard's omitted inquiry.

With respect to items (2) and (4) above, Richard's Opposition  offers no rationale for his failure to make inquiry at the time of the demands, advances, or post sale

information allegedly imparted to Richard by Evelyn, which failure is accentuated by Richard's assertion that Richard's multiple cash advances, and $1 share sale, took place against the backdrop of Richard's liquidation of his savings (item (3) above).

No case cited in Richard's Opposition excuses Richard's failure.

In particular, Richard's reliance on *Higgins v Course,* 147 N.Y. 411 (1895) is wholly misplaced.

In *Higgins* (*supra*), the Plaintiff bought shares upon Defendant's concealment that the shares of stock when purchased were already valueless. The Court of Appeals at *Higgins,* (*supra at 419*) wrote: "There was no motive for [Plaintiff's] investigation, for there was no basis for suspecting anything but honest misfortune". On this basis, the Court of Appeals refused to allow the defendant to set up the bar of the Statute of Frauds.

Here, the contrary is true. The facts as pleaded by Richard ought reasonably have motivated Richard to make inquiry before, during and after the share sale.

Having advanced moneys to the Corporation on multiple occasions prior to the share sale, in the context of admitted familial estrangement, to the point of having liquidated a substantial portion of his own savings, it is beyond doubt that Richard, as a matter of law, was reasonably "motivated", and duty bound, to make inquiry prior to selling his shares in the Corporation for a mere $1.00.

Richard, irrespective of his Massachusetts residence, cannot avoid the consequence of Richard's actual knowledge that, for $1.00, Richard, alone among the family shareholders, was selling his entire interest in a Corporation that owned a five story building in New York's Soho.

In *Higgins* (*supra*, at 415 thru 416), the Court of Appeals set forth:

> "Let us suppose that the injured party does not know all the facts, is not
> aware of enough of them to justify a decided inference of fraud, but does
> know sufficient to fairly arouse suspicion, to create a probability, *to
> suggest the need of an inquiry*. (italics supplied). Can a party so situated
> omit all investigation, remain purposely blind, neglect the duty of
> inquiry, when reasonable and natural action would reveal the truth and
> disclose the fraud? I think not."

On the facts before this Court, there is, at a minimum, a "suggestion of the need
of an inquiry".

Having chosen to remain purposely blind, having neglected the duty of inquiry,
when reasonable action required fulfillment of such inquiry, Richard's claims should be
forever barred.

## III.  RICHARD'S FRAUD CLAIMS AGAINST ROBERT SHOULD BE DISMISSED

Point II of the Opp. Memo, titled "Concealment of the Fraud", in passing,
asserts, a conclusory and causal relation between Robert's alleged silence and the
alleged affirmative fraud by Evelyn.

The incidental references to Robert do not save Richard's fraud claims against
Robert from dismissal for failure to satisfy Fed. R. Civ. P. 9(b).

## IV.  RICHARD'S UNJUSTMENT ENRICHMENT CLAIMS AGAINST ROBERT SHOULD BE DISMISSED

Robert was not a party to the stock sale transaction between Richard and the
Corporation, nor was he a party to, or participant in the transactions wherein Richard
made alleged advances to fund the Corporations tax obligations.

Robert (who never had any lease for space at the building owned by the

Corporation) did not enter into occupancy until at or about the date of the Richard's share sale. Robert's occupancy is temporally and economically disconnected from Richard's share sale, and Richard's earlier advances to the Corporation.

An unjust enrichment claim is an equitable quasi contract claim, not a tort claim. *Payday Advance Plus, Inc. v Findwhat.com, Inc.,* 478 F. Supp. 2d 496, 504 (D.N.Y. 2007). There was neither transaction, nor contract between Robert and Richard, and, accordingly, Richard's unjust enrichment claims against Robert should be dismissed.

## V. RICHARD'S CORPORATE WASTE CLAIM

Richard's Opposition cites no authority for the apparent argument that Richard's status as a residuary beneficiary under the Trust of Leo Brody affords him standing to assert the Complaint's corporate waste cause of action. To the extent that Richard relies on such standing, it bears noting, that in such capacity, Richard is thus a "residual" beneficiary of the very acts subject of the Complaint.

## VI. CONCLUSION

WHEREFORE, it is respectfully requested that an Order be entered dismissing the Complaint of Plaintiff Richard Brody, with prejudice and without leave to amend, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted; and/or to dismiss the Complaint with prejudice and without leave to amend, pursuant to Fed. R. Civ. P. 9(b).

Dated: March 14, 2008
New York, New York

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendant, ROBERT BRODY*

By:_____

HARLAN M. LAZARUS (HML-0268)
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400


*TO:*    RAND ROSENZWEIG RADLEY & GORDON, LLP.
800 Third Avenue, 26th Floor
New York, New York 10022
**Attention: CHARLES ROSENZWEIG**


**SHEINDLIN & SULLIVAN, LLP**
350 Broadway, 10th Floor
New York, New York 10013
**Attention: JOSEPH J. SULLIVAN III, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICHARD BRODY,

                              PLAINTIFF,              Index No.: 07 CIV 7981 (RJS)

            *vs*

LORNA BRODY, ROBERT BRODY, EVELYN
BRODY, 466 BROOME STREET OF NEW YORK
CITY, INC.,

                              DEFENDANTS.

-------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ROBERT BRODY'S MOTION TO DISMISS THE COMPLAINT

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendant, ROBERT BRODY*
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400